UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONNESIA BROWN,

                                *Plaintiff*,

    -against-

THE STATE OF NEW YORK, THE NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, NEW YORK STATE CORRECTIONS
OFFICER MATTHEW CORNELL, Individually and in his
Official capacity,

                                *Defendants*.

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

9:17-CV-1036
 (MAD/ATB)

      Pursuant to Rule 7.1(a)(3) of the Local Rules of this Court, Defendant, Officer Matthew Cornell ("Defendant"), contends that as to the following material facts, no genuine issues exist:

      1.     Plaintiff was convicted in 2011 of Robbery in the Second Degree. *See,* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120.

      2.     All claims in this matter arose out of Auburn Correctional Facility ("Auburn"), where Plaintiff was incarcerated as a result of his felony conviction. *See*, Dkt. No. 1, generally.

      3.     Approximately a week prior to the incident that is the subject of this lawsuit, Plaintiff was involved in a fight with another inmate, in which the other inmate cut Plaintiff with an unknown weapon. (Attorney Cowan Declaration [Cowan Dec.], Ex. B, pp. 46-47).

      4.     On January 21, 2016, Auburn Sgt. Steven Pyke authorized Officer Cornell to frisk cell D-4-37, which was Plaintiff's cell at that time. (*Id.*, Ex. E, pp. 1, 16; Ex. D, pp. 28-29).

      5.     As part of Officer Cornell's job duties, Officer Cornell was frequently asked to assist supervisors with tasks such as searching cells. (*Id.*, Ex. D, p. 39).

1

6. Sgt. Pyke ordered Officer Cornell to perform the frisk based on information that he, Sgt. Pyke, had gathered. (*Id*., Ex. E, pp. 1, 16; Ex. D, pp. 28-29; Ex. C, p. 66).

7. Suspicion to frisk an inmate and/or his cell can be gleaned from tips and confidential informants within the facility. (*Id*., Ex. D, p. 29; Ex. C, p. 65).

8. Once Officer Cornell arrived at Plaintiff's cell, he pat frisked Plaintiff outside of his cell. (*Id*., Ex. B, p. 36; Ex. E, p. 16).

9. According to Plaintiff, Officer Cornell told him that he had information that Plaintiff had a weapon. (*Id*., Ex. B, pp. 37-38).

10. In order to perform a strip frisk of an inmate, a Correction Officer must get authorization from a supervisor. (*Id*., Ex. C, p. 29).

11. On January 21, 2016, after Officer Cornell performed a pat frisk on Plaintiff, Sgt. Pyke authorized Officer Cornell to strip frisk Plaintiff. (*Id*., Ex C, p. 60; Ex. E, pp. 16, 18).

12. Plaintiff was strip frisked in D-block, 4 and 5 center room. (*Id*.).

13. Sgt. Pyke was present during the strip frisk. (*Id*., Ex. E, p.16; Ex. C, p. 54; Ex. D, p. 31, 34).

14. During Plaintiff's strip frisk, a weapon was recovered. (*Id*., Ex. E, pp. 1, 16, 18, 19, 24, 25, 27, 28).

15. The weapon is described as a toothbrush handle sharpened to a point at one end, with a cloth handle, measuring eight inches by one half inch. (*Id*., Ex. E, pp. 1, 24, 25, 27, 28).

16. Sgt. Pyke testified that he was present for the strip frisk and would have known if there was any malfeasance during the frisk. (*Id*.).

17. Sgt. Pyke did not observe Officer Cornell plant any weapon on Plaintiff. (*Id*., Ex. D, p. 38).

18. The weapon was bagged, labeled, photographed and brought to the evidence drop box, per the directives of the Department of Corrections and Community Supervision ("DOCCS"). (*Id.*, Ex. E, pp. 1, 16, 17, 24, 27, 28; Ex. C, pp. 40-41).

19. Prior to January 21, 2016, Plaintiff never had any issues with Officer Cornell and never filed any grievances against him. (*Id.*, Ex. B, pp. 21-22, 28).

20. The only interaction Plaintiff recalls with Officer Cornell prior to January 21, 2016 is a random pat frisk Officer Cornell performed on Plaintiff prior to Plaintiff attending recreation in the yard months prior to the incident. (*Id.*, pp. 20-21).

21. Although Plaintiff alleges that Officer Cornell "set him up" with the subject weapon, Plaintiff has no opinion as to *why* Officer Cornell would have "set him up" with a weapon. (*Id.*, Ex. B, p. 28).

22. At the time of the frisk, Officer Cornell was unaware of what portion of Plaintiff's sentence remained. (*Id.*, Ex. C, p. 55).

23. Officer Cornell authored a misbehavior report that charged Plaintiff with violating DOCCS' directives. (*Id.*, Ex. E, p. 19; Ex. C, pp. 63-65).

24. Plaintiff was afforded a disciplinary hearing as a result of the weapons charge. (*Id.*, Ex. B, 53).

25. Plaintiff was found guilty at his disciplinary hearing and sentenced to six months in the "box" (Special Housing Unit). (*Id.*, Ex. B, pp. 53-54).

26. Plaintiff never appealed the disciplinary charge decision. (*Id.*, p. 54).

27. When asked *why* he never appealed the disciplinary charge decision, Plaintiff testified: "I don't know." (*Id.*).

28. Auburn had a fully functioning inmate grievance process available at the time of

the incident. (Declaration of Rachael Seguin ["Seguin Dec."], ¶11).

29. Plaintiff was familiar with the inmate grievance process at Auburn. (*Id.*, pp. 54, 55).

30. Plaintiff was aware that if a grievance is denied, there is an appeal process. (*Id.*, p. 55).

31. Prior to the January 21, 2016 incident, Plaintiff had successfully filed a grievance for a missing package on April 7, 2014. (Declaration of Cheryl Parmiter ["Parmiter Dec."], ¶8).

32. However, Plaintiff admittedly never filed a grievance complaining of the January 21, 2016 incident. (Cowan Dec., Ex. B, pp. 57-59).

33. Auburn has no record that Plaintiff filed a grievance complaining of the January 21, 2016 incident. (Parmiter Dec., ¶9).

34. Plaintiff never appealed a grievance decision to the Central Office Review Committee regarding the alleged January 21, 2016 incident. (Seguin Dec., ¶12).

35. Cayuga County Assistant District Attorney Brian Leeds prosecuted Plaintiff for the promoting prison contraband charge. (Cowan Dec., Ex. K, pp. 22, 88-89).

36. Defendant Cornell never told ADA Leeds that he planted a weapon on Plaintiff. (*Id.*, pp. 90, 135-136).

37. ADA Leeds never developed any evidence that Defendant Cornell had planted a weapon on Plaintiff. (*Id.*, p. 92).

38. As a result of the January 21, 2016 incident, Plaintiff plead guilty to promoting prison contraband in the first degree, a class D felony, and agreed to a two to four-year prison sentence for that charge. (*Id.*, Ex. G, p. 6).

39. Plaintiff's criminal defense counsel in that matter, Rome Canzano, indicated during

Plaintiff's sentencing for that crime that Plaintiff had "accepted responsibility." (*Id*., p. 7).

40. On December 23, 2016, Cayuga County District Attorney Jon Budelman wrote a letter to Cayuga County Court Judge Mark Fandrich, indicating that he would not oppose a motion by Plaintiff's counsel under Criminal Procedure Law §440 to vacate Plaintiff's guilty plea and sentence. (*Id*., Ex. H).

41. However, District Attorney Budelmann stated in his December 23, 2016 letter that he had no direct evidence that Officer Cornell placed contraband on Plaintiff. (*Id*.).

42. Plaintiff's guilty plea for promoting prison contraband in the first degree was subsequently vacated. (*Id*., Ex. I).

43. The Department of Corrections and Community Supervision's Office of Special Investigations found that any allegations that Officer Cornell planted a weapon on any inmates were unsubstantiated. (*Id*., Ex. J).

44. Officer Cornell denies planting any weapon on Plaintiff or any other Auburn inmates. (*Id*., Ex. C, pp. 68-69, 89).

45. Officer Cornell denies any reason to "set up" Plaintiff with a weapon. (*Id*., p. 69).

46. Plaintiff is not claiming any physical injuries as a result of this incident. (*Id*., Ex. B, pp. 77-78).

47. Plaintiff had previously been charged with, and disciplined for, possessing a weapon at Elmira Correctional Facility prior to the subject incident, on October 20, 2013. (*Id*., Ex. F, pp. 1-2; Ex. B, pp. 24-25).

Dated:     August 31, 2020

                                  LETITIA JAMES
                                Attorney General of the State of New York
                                Attorney for Defendant
                                300 S. State Street, Ste. 300
                                Syracuse, New York 13202

                                                        _____

By:_____s/_____
Aimee Cowan, Esq.
Assistant Attorney General
Bar Roll No. 516178
Telephone:     (315) 448-4800
Fax:  (315) 448-4853
Email: aimee.cowan@ag.ny.gov

6