UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONNESIA BROWN,

                              *Plaintiff*,

    -against-

THE STATE OF NEW YORK, THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, NEW YORK STATE CORRECTIONS OFFICER MATTHEW CORNELL, Individually and in his Official capacity,

                              *Defendants.*

**DECLARATION**

9:17-CV-1036
(MAD/ATB)

---

Rachael Seguin, on the date noted below and pursuant to Section 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1.    I am the Assistant Director of the Inmate Grievance Program for the New York State Department of Corrections and Community Supervision ("DOCCS"). As such, I am fully familiar with the grievance procedure available to inmates for filing complaints in DOCCS.

2.    I submit this Declaration based on personal knowledge and upon review of the applicable Regulations and DOCCS Directives.

3.    As the Inmate Grievance Program ("IGP") Assistant Director, I am a custodian of the records maintained by the Central Office Review Committee ("CORC"), which is the body that renders the final administrative decisions under DOCCS' Inmate Grievance Program pursuant to 7 N.YC.R.R. § 701 *et seq.*

4.    Though not named as a party to this lawsuit, I submit this Declaration in support of Defendant's Motion for Summary Judgment.

5.    DOCCS has a well-established inmate grievance program. *See*, 7 N.Y.C.R.R. § 701.

1

The inmate grievance process established by 7 N.Y.C.R.R. § 701.5 involves three steps: (1) the inmate must file a complaint to the Inmate Grievance Resolution Committee ("IGRC") within 21 calendar days of an alleged incident at the individual facility where the inmate is housed, even if the alleged incident occurred at another facility; (2) if dissatisfied with the IGRC recommendation, the inmate may appeal it to the Superintendent within 7 calendar days after receipt of the IGRC's written response; and (3) if dissatisfied with the Superintendent's response, the inmate may appeal the decision to CORC within 7 calendar days after receipt of the Superintendent's written response.

6. CORC is the final appellate level of the Inmate Grievance Program.

7. DOCCS also provides for an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS employees. *See* 7 N.Y.C.R.R. § 701.8. While the expedited procedure allows for direct forwarding of such grievance to the Superintendent of the facility, an inmate must still appeal the determination to CORC in order to exhaust their administrative remedies before filing suit. *See id.* §§ 701.8(h) & (i), 701.5.

8. When an inmate appeals a grievance to CORC, DOCCS Directive #4040 stipulates that it is Department policy to maintain grievance files for the current year and the previous four calendar years. CORC maintains files of grievance appeals to CORC in accordance with the Directive. In fact, the CORC computer database contains records of appeals of grievances received from the facility Inmate Grievance Program Supervisor, including those reviewed under the expedited procedure of 7 N.Y.C.R.R. § 701.8, which were heard and decided by CORC since the 1990's.

9. The Attorney General's Office provided me with the Complaint in this matter [Dkt. 1], which I have reviewed. It is my understanding that Plaintiff, former inmate Donnesia Brown (DIN 11-A-4897), brings this action against Defendant Correction Officer Matthew Cornell

alleging that on January 21, 2016, Defendant Cornell planted a weapon on Plaintiff's person. Such a complaint is a proper subject for a grievance under DOCCS' grievance procedures as outlined at 7 N.Y.C.R.R. § 701.1 *et seq.*

10.  At the request of the Attorney General's Office, a diligent search was conducted of records of appeals received by CORC for grievances filed by Plaintiff Brown. Attached as **Exhibit "A"** is a true and accurate copy of the results of that search, as of January 15, 2020.

11.  DOCCS records reflect that Plaintiff was incarcerated at Auburn Correctional Facility ("Auburn") on January 21, 2016. At that time, Auburn had a fully functioning inmate grievance process available. Inmates at Auburn have had full access to the CORC by which to appeal from facility-level grievance determinations.

12.  However, based on my review of CORC records, Plaintiff did not appeal to CORC any grievance filed under 7 N.Y.C.R.R. §§ 701.5 or 701.8 with respect to his claim that Defendant Cornell planted a weapon on him on January 21, 2016.

13.  I respectfully submit that Defendant Cornell should be granted summary judgment with respect to Plaintiff's claims detailed in his Complaint based on Plaintiff's failure to exhaust administrative remedies as required by 42 §U.S.C. 1997e(a).

Dated: January 15th, 2020
       Albany, New York

_____
RACHAEL SEGUIN