STATE OF NEW YORK
COUNTY OF CAYUGA       :       COUNTY COURT
------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,       :   IND # 2016-095

-vs-                                        :   NYSID # 05333521P

DONNESIA BROWN, DOB: 08-18-1968,            :

                        Defendant.          :   CJTN # 67762007N

------------------------------------------x

                            Sentence
                            October 11, 2016

                            Cayuga County Courthouse
                            Auburn, New York 13021

B E F O R E:

          HONORABLE MARK H. FANDRICH,

                            Acting County Court Judge

A P P E A R A N C E S:

For the People:     JON E. BUDELMANN, ESQ.
                    District Attorney for Cayuga County
                    95 Genesee Street
                    Auburn, New York 13021

For the Defendant:  ROMOLO CANZANO, ESQ.
                    2 South Street
                    Suite 202
                    Auburn, New York 13021

                    DONNESIA BROWN, Defendant


    DEBORAH S. INDELICATO, RPR, RMR - OFFICIAL COURT REPORTER

1      THE COURT:  This is the matter of People versus

2    Donnesia Brown.  Mr. Brown is here with Attorney Rome

3    Canzano.  District Attorney Jon Budelmann is here on

4    behalf of the People.  This matter is on for sentencing

5    today.  My notes indicate that Mr. Brown needs to address

6    the second felony offender statement which I think the

7    People have just filed with the Court.  Thank you.

8      MR. CANZANO:  Thank you, your Honor.  One

9    outstanding issue remains prior to sentencing, that is

10   Mr. Brown admitting to being a second felony offender.

11   We have been provided with a copy of the second felony

12   offender statement, I will go over it right now with Mr.

13   Brown.

14     THE COURT:  You tell me when you are ready to

15   proceed.  Do you want me to call another case?

16     MR. CANZANO:  Judge, no, we are ready.  We are

17   prepared to admit.

18     THE COURT:  Okay.  Thank you.  All right.  Mr.

19   Brown, good morning once again.  The District Attorney

20   has filed a statement specifying that by a judgment

21   entered on September 28th, 2011 upon your plea of guilty

22   that you were convicted of the crime of -- felony of

23   robbery, second degree, class C felony down in supreme

24   court, for New York County and you were sentenced to five

25   years determinate and five years post-release supervision

1    with respect to that conviction.

2              And that you were also previously convicted on

3    July 3rd, 2007 upon your plea of guilty to criminal sale

4    of controlled substance in the third degree which is a

5    class B felony in Bronx County Supreme Court.  You were

6    sentenced to an indeterminate sentence of state

7    incarceration of two to four years.

8              That you were also previously convicted upon

9    July 30th, 2007, upon your plea of guilty to attempted

10   robbery first degree, class C felony.  And that's in

11   Bronx County Supreme Court.  And you received a

12   determinate term of five years in prison.

13             That you were also convicted on October 28th,

14   1999 upon your plea of guilty to criminal controlled --

15   criminal sale of controlled substance in the fifth

16   degree, class D felony, Bronx County where you received

17   an indeterminate sentence of 30 months to five years.

18             That you were also previously convicted of on

19   November 23rd, 1993 upon your plea of guilty to criminal

20   possession of a weapon in the third degree as a class D

21   felony.  That was in supreme court for New York County

22   and you were sentenced to two years -- an indeterminate

23   term of imprisonment of two to four years.

24             And finally that you were convicted on April

25   12, 1988 upon your plea of guilty of attempted robbery

1   second degree, a class D felony in New York County

2   Supreme Court and was sentenced thereon to a definite

3   term of one year.

4            Mr. Brown, have you received a copy of this

5   statement, sir?

6            THE DEFENDANT:  Yes.  Yes, sir.

7            THE COURT:  Thank you.  Have you had sufficient

8   time to review this statement with your lawyer?

9            THE DEFENDANT:  Yes, sir.  Yes, sir.

10           THE COURT:  All right.  Under the law, you may

11  admit you are the person named in that statement who was

12  convicted of those felonies or you may deny that

13  allegation or any allegations set forth in that statement

14  or you may controvert the statement on the grounds that

15  the previous convictions were unconstitutionally

16  obtained.  Do you understand that, Mr. Brown?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  All right.  Mr. Brown, do you wish

19  to deny any allegations in the statement or controvert

20  the statement?

21           THE DEFENDANT:  No, sir.

22           THE COURT:  Do you admit you are the person

23  named in that statement who was convicted of --

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Hold on.  I have to go through --

1          THE DEFENDANT:  I'm sorry.  I'm sorry.

2          THE COURT:  No, that's fine.  Convicted on

3    September 28th, 2011 of the felony of robbery, second

4    degree?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  You were also the person named in

7    that statement who was convicted of criminal (sic)

8    controlled substance in the third degree on July 30th,

9    2007?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  And you were also the person named

12   in that statement who was convicted on July 30th, 2007 to

13   the felony of attempted robbery in the first degree?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And you were also the person named

16   in that statement who was convicted of the felony of

17   criminal (sic) controlled substance in the fifth degree

18   on October 28th, 1999?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  You were also the person named in

21   that statement who was convicted of on November 23rd,

22   1993, to the felony of criminal possession of a weapon in

23   the third degree?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And finally, you were the person

1    named in that statement who was convicted of the felony

2    of attempted robbery second degree on April 12, 1988?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  All right.  Based upon the

5    defendant's admissions and the sufficiency of the

6    uncontroverted allegations in the statement, I find that

7    the defendant, Donessia Brown, has been subject to five

8    predicate felony convictions.  Is that a sufficient

9    finding for the People?

10             MR. BUDELMAN:  It is, Judge, that's fine.

11             THE COURT:  All right.  Is that sufficient for

12   the defense?

13             MR. CANZANO:  Yes.

14             THE COURT:  All right.  Thank you.  Okay.  Let

15   me ask Mr. Canzano, have you had sufficient time to

16   review the pre-sentence report?

17             MR. CANZANO:  Yes.

18             THE COURT:  All right.  Thank you.

19             MR. BUDELMANN:  Thank you, Judge.  Judge, the

20   defendant did appear before the Court on August 2nd.  At

21   that time after a break, he did plead guilty to promoting

22   prison contraband in the first degree, class D felony.

23   We had a negotiated agreed upon offer of two to four

24   years in this matter.  And the matter was adjourned until

25   today for sentencing.

1   I would move sentencing in this matter.  As you
2   have heard, the defendant has an extensive criminal
3   history.  By my count from the PSI, there were four
4   felony convictions in New York County and three in Bronx
5   County as well as a youthful offender felony.  So, I --
6   we knew of his extensive history before.  This is, in
7   fact, the standard offer for weapons in our prison.  So,
8   we would ask the Court -- I see no reason to deviate --
9   to impose the agreed upon two to four years.  Thank you.
10          THE COURT:  Thank you, Mr. Budelmann.  Mr.
11  Canzano, when you are ready.
12          MR. CANZANO:  Thank you.  I will be similarly
13  short, your Honor.  Mr. Brown accepted responsibility.
14  He's been cooperative with the system.  His prior
15  sentence has expired.  He has been sentenced to our local
16  facility.  I'm not aware of any issues there.
17          Judge, we raise essentially two additional
18  issues and for clarification for Mr. Brown's sake, as I
19  have explained to him, any sentence that he's sentenced
20  to by law is consecutive to his current sentence.
21  However, given the fact his sentence has expired, he's
22  receiving credit for this, for the time since that
23  sentence has expired.
24          THE COURT:  Since, right.  That's correct.
25          MR. CANZANO:  Your Honor, two additional

1    issues.  One, Mr. Brown is asking that you defer the

2    surcharges associated with this given his cooperation

3    with this case.  And finally, Judge, to the extent that

4    you have authority to do so, he would request that he not

5    be given haircuts while in the facility, state facility.

6    Thank you.  I would ask you impose the agreed-upon

7    sentence.

8           THE COURT:  Okay.  Thank you.  Do you wish to

9    comment on any of these requests of the defendant?

10          MR. BUDELMANN:  No, Judge.  I think I know

11    where you are going.  I don't know if Mr. Brown has any.

12    Right.  Thank you.

13          THE COURT:  Mr. Brown, the law provides you an

14    opportunity to make a statement.  Do you wish to make any

15    statement at this time?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  All right.  From the sentence which

18    I'm about to pronounce, you have the right to appeal by

19    filing a notice of appeal within 30 days.  If financially

20    you are unable to secure the services of an attorney to

21    prepare a notice of appeal and perfect an appeal, you

22    have the right to have an attorney assigned for that

23    purpose at no cost to you.  Do you understand that, Mr.

24    Brown?

25          THE DEFENDANT:  Yes, sir.

9

1    THE COURT:  All right.  I have reviewed the

2    pre-sentence report.  There is nothing in the

3    pre-sentence report which would cause me to deviate from

4    the understanding we reached at the time of your plea.

5    It is the judgment of this Court with respect to your

6    conviction that you receive an indeterminate sentence of

7    imprisonment which will have a maximum term of four

8    years, I'll hereby impose a minimum period of

9    imprisonment of two years.  That again will be

10   consecutive to any time that you may owe to DOCCS.  That

11   you be committed to the custody of the New York State

12   Department of Corrections and Community Services there to

13   be dealt with in accordance with the law pertaining to

14   your sentence.

15   Now, with respect to your request.  First, I

16   must order that you provide a DNA sample if you have not

17   already done so and pay the $50 DNA testing fee.  With

18   respect to deferral of surcharge, I'm not going to grant

19   that.  I'm going to order that the surcharge be paid.  It

20   is -- you can ask Mr. Canzano.  I do not defer the

21   surcharge.  And with respect to ordering that you not

22   have haircuts, I'm not going to do that either only

23   because I have had -- I have had cases in the past where

24   inmates -- not saying you would do this -- but have tried

25   to weave contraband in their hair.

1        THE DEFENDANT:  What?

2        THE COURT:  So it is a security issue.  I'm not

3  going to order that.  So, with that said, anything else,

4  Mr. Budelmann?

5        MR. BUDELMANN:  Nothing further for the People.

6        MR. CANZANO:  Judge, I need to go over the

7  appeal form.

8        THE DEFENDANT:  Can I say something?  Defendant

9  would like to speak, please.

10       THE COURT:  First, go over your right to appeal

11  with your attorney.

12       MR. BUDELMANN:  Now that he's gone over the

13  right to appeal, only other issue, credit for time

14  served, jail does track the time.  They work with

15  corrections.  He will get credit for any time he spent.

16  If he owed multiple, he would get double credit.

17       THE COURT:  Go ahead.

18       THE DEFENDANT:  Sir, I just paid the surcharge

19  and DNA.  I am asking if you cannot let me pay this

20  surcharge.  You are giving me more time.  I'm asking if

21  you cannot -- like I mean I don't have the money, keep

22  paying these surcharges.  Surcharges -- they got my DNA.

23  They have the surcharge.  I paid already.

24       THE COURT:  I'm not going to do that.  Thank

25  you.

1                        (End of proceeding.)

2              (Certified to be a true and accurate transcript.)

3

4                                    *Deborah S. Indelicato*

5                            DEBORAH S. INDELICATO, RPR, RMR
                             Official Court Reporter
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25