UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

DONNESIA BROWN,

                                                      17-CV-1036 (MAD)(ATB)

                      Plaintiff,

       -against-


OFFICER MATTHEW CORNELL,

                      Defendant.
------------------------------------------------------------------------- X




**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE***

Richard M. Levy
Harris L. Marks
Rubenstein and Rynecki, Esqs.
*Attorneys for Plaintiff*
16 Court Street, 17th Floor
Brooklyn, New York 11241
(718) 522-1020

## Table of Contents

TABLE OF AUTHORITIES ............................................................................*iii*

PRELIMINARY STATEMENT...........................................................................1

ARGUMENT.......................................................................................................1

POINT I

**THE COURT SHOULD BAR ALL EVIDENCE OF PLAINTIFF'S PRIOR ARREST RECORD AND PRIOR CRIMINAL CONVICTIONS**...................1

POINT II

**ALL EVIDENCE OF THE INVESTIGATION CONDUCTED BY THE OFFICE OF SPECIAL INVESTIGATION AND ITS REPORT SHOULD BE ADMITTED** .........................................................................4

POINT III

**OFFICER CORNELL'S DISCPLINARY HISTORY SHOULD BE ADMITTED** ...........................................................................................7

POINT IV

**PLAINTIFF IS ENTITLED TO REQUEST A SPECIFIC DOLLAR AMOUNT FROM THE JURY** ......................................................................9

POINT V

**THE COURT SHOULD BAR ALL EVIDENCE REGARDING THE JANUARY 8, 2016 FIGHT** .......................................................................10

POINT VI

**THE COURT SHOULD BAR ALL EVIDENCE REGARDING PLAINTIFF'S PRIOR WEAPON CHARGE** ...........................................11

CONCLUSION ...............................................................................................12

## Table of Authorities

### Cases

*Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) ...................................................... *8*

*Carson v. Polly,* 689 F.2d 562, 572 (5th Cir. 1982) ............................................................. 8

*Consorti v. Armstrong World Indus., Inc.,* 72 F.3d 1003, 1016 (2d Cir.1995) .................................. 9

*Daniels v. loizzo,* 986 F. Supp. 245, 250-51 (S.D.N.Y. 1997)(Lowe, J) ...................................... 2,3

*Eng v. Scully*, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) .............................................................. 8

*Hynes v. Coughlin*, 79. F.3d 285 293 (2d Cir. 1996). .......................................................... 11,12

*Ismail  v. Cohen*, 899 F.2d 183, 188–89 (2d Cir. 1990); ....................................................... 8

*Jean-Laurent v. Wilkinson*, 840 F. Supp. 2d at 544 (S.D.N.Y 2008) ............................................ 3

*Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912–13 (2d Cir. 1997) ...................................... 9

*Lombardo v. Stone,* 2002 WL 113913, at *3 (S.D.N.Y. Jan. 29, 2002)
(Schendlin, J.). ............................................................................................. 8,11

*Michelson v. United States,*  335 U.S. 469, 482 (1948). ...................................................... 2

*Mileski v. Long Island R.R. Co.,* 499 F.2d 1169, 1174 (2d Cir.1974). ........................................ 9

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.,* 937
F.Supp. 276, 287 (S.D.N.Y.1996). ............................................................................ 4-5

*Picciano v. McLoughlin*, 2010 WL 436999 at *4 (N.D.N.Y. October 2010) ...................................... 2

*Sommerville v. Saunders*, 2014 WL 272415, at *3-4 (N.D.N.Y. Jan. 24
2014) ........................................................................................................ 2

*United States v. Brown*, 606 F. Supp.2d 306, 313 (E.D.N.Y. 2009) ............................................ 3

*United States v. Garcia*, 291 F. 3d 127, 136 (2d. Cir. 2002). ............................................... 11

*United States v. Mahler,* 579 F.2d 730, 736 (2d Cir. 1978) .................................................. 3

*United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 166 (S.D.N.Y. 2006) ..................................... 6-7

*United States v. Rodney Johnson*, No. S5 10 CR. 431 CM, 2013 WL
   6091601, at *13 (S.D.N.Y. Nov. 15, 2013) ...........................................................................3

*Zinman v. Black & Decker (U.S.), Inc.,* 983 F.2d 431, 434 (2d Cir.1993) .......................................3

## **Statutes and Other Authority**

Fed. R. Evid. 103(a) .........................................................................................................8

Fed. R. Evid. 401 .............................................................................................................4

Fed. R. Evid. 402 .............................................................................................................4

Fed. R. Evid. 403 ...........................................................................................................2,7

Fed. R. Evid. 404(b) ....................................................................................................11,12

Fed .R. Evid. 404(b)(1) and (b)(2) .................................................................................6,8

Fed. R. Evid. 609(a)(1) ....................................................................................................2

Fed. R. Evid. 609(b).........................................................................................................2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

DONNESIA BROWN,

                                                                    17-CV-1039 (MAD)(ATB)

                    Plaintiffs,

           -against-

OFFICER MATTHEW CORNELL
                    Defendants.
--------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this memorandum in opposition to defendant's Motions *in Limine*.[1]

## ARGUMENT

## POINT I

## THE COURT SHOULD BAR ALL EVIDENCE MR. BROWN'S PRIOR ARREST RECORD AND PRIOR CRIMINAL CONVICTIONS

Defendant argues that plaintiff's prior arrest record and prior felony convictions should be admitted. Plaintiff respectfully refers the Court to the reasons set forth in Plaintiff's Motions *in Limine* #1 and #3, and, as more fully set out below, should bar all evidence and testimony of Plaintiff's prior arrest records and prior criminal convictions.

Regarding plaintiff's prior arrest history, other than a passing reference by defendant regarding the conviction for which plaintiff was incarnated at the time of the subject incident, the entirety of defendant's motions are focused on plaintiff's prior remote and unrelated felony

---

[1] Plaintiff does not oppose defendant's Points V, VI, VII, VIII and X. Therefore, no response is provided in this memorandum.

convictions. As an "(a)rrest without more does not impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States,* 335 U.S. 469, 482 (1948).

As such the thrust of defendants' Motion *in Limine* is seeking to admit the following prior convictions: a 2011 Robbery in the Second Degree, a 2007 Criminal Sale of a Controlled Substance in the Third Degree, a 1999 Criminal Sale of a Controlled Substance in the Fifth Degree, a 1993 Criminal Possession of a Weapon in the Third Degree, and a 1988 Attempted Robbery in the Second Degree.

The Court should bar all evidence of Mr. Brown's plaintiff's prior convictions as the severely prejudicial effect of these convictions far outweighs any probative value for impeachment purposes, per the Fed. R. Evid. 403 balancing test imposed by Fed. R. Evid. 609(a)(1). In balancing these concerns, courts examine: "(I) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo,* 986 F. Supp. 245, 250-51 (S.D.N.Y. 1997)(Lowe, J). *see also  Sommerville v. Saunders*, 2014 WL 272415, at *3-4 (N.D.N.Y. Jan. 24 2014); *Picciano v. McLoughlin*, 2010 WL 436999 at *4 (N.D.N.Y. October 2010).

As to the 2011 conviction, the parties have stipulated that plaintiff was in Auburn Correctional Facility as a result of the 2011 felony. The jury will be aware that all of the facts stemming from the instant matter occurred in a correctional facility, where the plaintiff was an inmate, serving a sentence for this conviction and defendant was a correctional officer.

Next, defendant seeks to admit felony convictions arising from plaintiff's convictions which occurred 14, 22, 28, and 33 years ago, respectively.  "Under Rule 609(b), 'convictions

over 10 years old should be admitted very rarely and only in exceptional circumstances, as convictions over ten years old generally do not have much probative value. *United States v. Brown*, 606 F. Supp.2d 306, 313 (E.D.N.Y. 2009). The Second Circuit recognizes that Congress intended that convictions which were more than ten years old "be admitted 'very rarely and only in exceptional circumstances.'" *See Zinman v. Black & Decker (U.S.), Inc.,* 983 F.2d 431, 434 (2d Cir.1993) (quoting S.Rep. No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. (93 Stat.) 7051, 7062); *United States v. Mahler,* 579 F.2d 730, 736 (2d Cir. 1978) (stating that Congress believed that convictions more than ten years old have very little or no probative value), *cert. denied,* 439 U.S. 991 (1978). This is not such an exceptional circumstance. To allow admission of these convictions would only tend to show a propensity to commit crimes, would have no impeachment value, and would severely prejudice the plaintiff.

Moreover, the crimes for which plaintiff was convicted, with the exception of the controlled substance convictions, are violent crimes which have low impeachment value and that occurred 28 and 33 years ago. Further, the admission of this evidence would be highly prejudicial because a jury may improperly infer that plaintiff engaged in violent behavior during the incident based on knowledge of plaintiff's convictions. Therefore, on balance, these convictions are more prejudicial than probative and should be excluded. *See Jean-Laurent v. Wilkinson*, 840 F. Supp. 2d at 544 (S.D.N.Y 2008); *Daniels,* 986 F.Supp. at 251-52.

Furthermore, convictions for criminal sale carry very low impeachment value. *See United States v. Rodney Johnson*, No. S5 10 CR. 431 CM, 2013 WL 6091601, at *13 (S.D.N.Y. Nov. 15, 2013) (noting that "Second Circuit courts routinely exclude prior drug convictions under F.R.E. 609, due to their low impeachment value.") Based on the remoteness of the

- 3 -

crime, occurring 14 and 22 years ago, and the low impeachment values, coupled with the risk of prejudice to plaintiff if these felony convictions were to be admitted, they too should be excluded.

Finally, as to plaintiff's subsequent parole violation, the Court should similarly exclude any evidence of this pursuant to Rule 402(b) and Rule 403, where the subsequent criminal violation has no probative value on the facts at hand whether Officer Cornell planted a weapon on the Plaintiff.

Assuming *arguendo* the Court allows prior convictions, which plaintiff believes it should not, the Court should narrowly tailor what information regarding the prior convictions are permitted: Specifically, the type of crime, the year of conviction, and the sentence only.

## POINT II

## ALL EVIDENCE OF THE OFFICE OF SPECIAL INVESTIGATION AND REPORTS SHOULD BE ADMITTED[2]

All evidence and testimony regarding the Office of Special Investigation ("OSI") and report into Defendant Officer Cornell should be admitted including the testimony of Investigator Ryan Graziano, the author of the report, regarding the investigation into Defendant Cornell conducted by the OSI and the findings of his report. Federal Rule of Evidence 402 requires that evidence be relevant to be admissible. Fed.R.Evid. 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

---

[2] This portion of plaintiff's response is in response to Defendant's Motions in *Limine #2 and #3.*

than it would be without the evidence." Fed.R.Evid. 401. Evidence should not be excluded on a motion *in limine* unless such evidence is "clearly inadmissible on all potential grounds." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.,* 937 F.Supp. 276, 287 (S.D.N.Y.1996).

Here, in this case, there is no question regarding the relevance and admissibility of the OSI investigation and report. The Investigation report prepared by the Office of Special Investigation showed that there was sufficient evidence to corroborate the allegation that Defendant made a verbal admission to Cayuga County Assistant District Attorney ("ADA") Brian Leeds, that he had admitted planting weapons on an inmate at Auburn Correctional facility. It further found, that upon a search of Defendant's personal lockers and vehicle, various contraband items and "potential inmate style weapons" were discovered. Further, the investigation reviewed all facility Unusual Incident's and Inmate Misbehavior Reports issued by Defendant since 2014, where out of 38 inmates issued a misbehavior report by Defendant for a weapon, twenty two of the inmates alleged that they had been set up with a weapon by the Defendant. As a result of the investigation, Defendant was issued a Notice of Discipline for his failure to properly secure contraband or report contraband found and for his failure to "comport himself in a lawful manner by planting evidence on an inmate and for issuing false/misleading Misbehavior Reports and statements during an official questioning conducted by the OSI."

The corroborating evidence in this OSI investigation directly led to ADA Leeds and DA, John Budelmann's December 23, 2016 letter to the Hon. Mark H. Fandrich, which questioned the credibility of the main witness in the plaintiff's criminal prosecution, Defendant

Matthew Cornell, since there was credible evidence that Officer Cornell had planted contraband on an inmate at Auburn Correctional Facility and that "given the severity of the conduct itself and the fact that the prosecution was sustained almost entirely on Officer Cornell's testimony regarding the search of the defendant [Plaintiff herein] and the recovery of the contraband item", the DA "no longer had confidence in the correctness of the conviction". Thereafter, upon motion of plaintiff's criminal defense attorney along with the DAs December 23, 2016 letter, the Honorable Mark H. Fandrich issued an order on January 17, 2017 vacating the plaintiff's criminal conviction for Promoting Prison Contraband in the First Degree.

Officer Cornell was suspended from his job as a DOCCS Correction Officer on December 12, 2016. Officer Cornell resigned his position as a DOCCS Correction Officer on February 27, 2018. Officer Cornell remained suspended from December 12, 2016 until his resignation on February 27, 2018.

Whether or not the OSI substantiated the allegations against Cornell is of no moment. Plaintiff will present evidence that the findings of the OSI report were an attempt by the OSI to "sweep this matter under the rug" nearly two years after the Officer Cornell resigned from DOCCS. ADA Leeds will testify the investigation conducted by the OSI corroborated the actions the Cayuga County District Attorney's Office undertook that led to plaintiff's conviction being overturned. Certainly, Investigator Ryan Graziano should be permitted to testify regarding the investigation the OSI undertook into Officer Cornell regarding the allegations that he was planting contraband on inmates at Auburn Correctional Facility.

- 6 -

Moreover, this evidence is admissible pursuant to Rule 404(b)(2) to show motive, opportunity, intent preparation, plan, knowledge, identity, absence of mistake, or lack of accident as well as Rule 404(b) "the other act is 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge or intent inference advocated by the proponent of the evidence.' " *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 166 (S.D.N.Y. 2006)

Finally, utilizing the balancing test of Rule 403, the probative value of the Office of Investigation findings and report would clearly outweigh any prejudice to Officer Cornell.

## POINT III

## OFFICER CORNELL'S DISCPLINARY HISTORY SHOULD BE ADMITTED

In Defendant's motion *in limine 4,* it's argued that Officer Cornell's personnel file contains counseling records regarding occasions of unscheduled absences. The plaintiff does not intend to elicit any evidence or testimony regarding these unscheduled absences unless used for impeachment or if Officer Cornell opens the door for such evidence to be introduced.

The crux of Defendant's motion in *limine* has nothing to do with prior discipline but is focused on the DOCCS Office of Special Investigations investigation into Officer Cornell subsequent to the incident with the Plaintiff. Specifically, defendant is seeking to preclude the Notice of Discipline he received on December 15, 2016 for the various contraband items and potential inmate style weapons that were found in Officer Cornell's personal locker and vehicle. Further, upon conducting a search of Officer Cornell's assigned locker, the Office of Special Investigations learned that Officer Cornell used a separate locker, and while his assigned locker only contained a coat hanger, the unassigned locker contained an employee's

manual, a 2017 calendar book, a contract book, numerous pay stubs belonging to Officer Cornell, a baton with no identification number, a personal jacket, a pair of black Carhartt gloves, a state DOCCS knit winter hat, a blue short-sleeve work shirt, a plastic bag with various size screws and washers, a broken set of inmate nail clippers, a large metal spoon with brown residue, a broken pair of tweezers, a broken pair of large toenail clippers, a lever from a small pair of nail clippers, a quarter, an electric motor with red wire, three straightened heavy staples, electric circuit tape an empty evidence bag with a date of June 13, 2014 stuck to a "Request for test of suspected contraband drugs", also dated June 13, 2014, with inmate information written on it, that states "positive for heroin". Upon a search of Officer Cornell's personal vehicle OSI recovered a Weatherby 30-06 caliber rifle with a scope and five rounds attached to the stock, an additional nineteen rounds in two separate ammunition boxes, half of a jig saw blade and a thin metallic object with a black tape handle. Officer Cornell has never provided any explanation for what Office of Special Investigations discovered in his unauthorized locker and his vehicle.

As discussed in the Point II, this evidence is admissible pursuant to Rule 404(b)(2) to show motive, opportunity, intent preparation, plan , knowledge, identity, absence of mistake, or lack of accident. *See* Rule 404(b)(1) and (b)(2); *Ismail v. Cohen*, 899 F.2d 183, 188–89 (2d Cir. 1990); *Eng v. Scully*, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) Evidence of other complaints may also be admitted to establish a pattern of conduct where the extrinsic acts share "unusual characteristics" with the act charged or represent a "unique scheme." *See Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991). "The improper' exclusion of such evidence may affect the substantial rights of the plaintiff under Rule 103(a).'" *See Lombardo v. Stone*, No. 99 CIV.

- 8 -

4603 (SAS), 2002 WL 113913, at *6 (S.D.N.Y. Jan. 29, 2002) (citing Fed.R.Evid. 103(a); *Carson v. Polly,* 689 F.2d 562, 572 (5th Cir. 1982) ("holding that district court's failure to admit officer's performance reports 'affected the substantial rights of [plaintiff], thus warranting reversal.'")

Moreover, the Investigation report prepared by the OSIshowed that there was sufficient evidence to corroborate the allegation that Defendant made a verbal admission to Cayuga County Assistant District Attorney Brian Leeds, that he had admitted he planted weapons on inmate at Auburn Correctional facility, that the Investigator searched Defendants personal lockers and vehicle and found various contraband items and "potential inmate style weapons".

## POINT IV

## PLAINTIFF IS ENTITLED TO REQUEST A SPECIFIC DOLLAR AMOUNT FROM THE JURY

The Second Circuit has a flexible approach when permitting attorneys suggesting a specific sum for a specific dollar amount as damages. *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912–13 (2d Cir. 1997) There is no per se rule in prohibiting counsel from suggesting a sum of damages, as the defendants are asking the Court. It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions. *See Consorti v. Armstrong World Indus., Inc.,* 72 F.3d 1003, 1016 (2d Cir.1995 *vacated on other grounds,* 518 U.S. 1031, 116 S.Ct. 2576, 135 L.Ed.2d 1091 (1996); *Mileski v. Long Island R.R. Co.,* 499 F.2d 1169, 1174 (2d Cir.1974).

As long as the Court instructs the jury that damages should be awarded "only upon and only in proportion to a showing as to the nature, duration and severity of his condition."

*Cf. Consorti,* 72 F.3d at 1016 (concluding that plaintiff's counsel's suggestion of a specific amount of damages did not unfairly influence jury that awarded precise amount suggested

Accordingly, plaintiff respectfully request the Court allow the plaintiff's to suggest a dollar amount for damages to the jury.

## POINT V

## THE COURT SHOULD BAR ALL EVIDENCE REGARDING THE JANUARY 8, 2016 FIGHT

Defendant argues that evidence and testimony should be admitted regarding a prior unrelated incident which occurred on January 8, 2016. Defendant further argues that as a result of that January 8, 2016 incident, the plaintiff had a motive or plan to possess a weapon on January 21, 2016.  This argument is speculative at best and not based on any evidence or testimony in this case.

Officer Cornell testified at his Deposition:

Q: Do you know whether or not this inmate, D. Brown, was in a fight in the yard a week before this frisk?
A: No, I wouldn't have known; I wouldn't have cared.

Dkt. 58-10 Pg 54 ln. 25-Pg. 55 ln. 5

Q: Do you know why Sergeant Pyke ordered you to conduct a frisk on Inmate Brown?
A.  I don't.

Dkt. 58-10 Pg 53 line 2-4

Sgt. Pyke testified the following at his Deposition:

Q: Do you know what led to the cell frisk of Inmate Brown?
A: I can't speak for it positively, but I hate to even assume, but we do get tips all the time and confidential information, and we do an investigation and act on those.

Dkt. 58-11 Pg.29 ln. 11-16

- 10 -

Q: Do you know why you ordered Officer Cornell to perform a cell frisk on Inmate Brown?
A: The actual going to Inmate Brown?
Q: Yes.
A: I don't know in specifics whether it was confidential information or from the captain's office or a tip of some sort that we were following up on.

Dkt. 58-11 Page 32 ln 16-33

The Second Circuit has held that prior bad acts cannot be used to show propensity is and as such a plaintiff's prison disciplinary records are "almost always impermissible." *Lombardo v. Stone,* 2002 WL 113913, at *3 (S.D.N.Y. Jan. 29, 2002) (Scheindlin, J.). The Second Circuit holds that admission of disciplinary records violated Fed. R. Evid. 404(b) and was "inconsistent with substantial justice." *Hynes v. Coughlin*, 79. F.3d 285 293 (2d Cir. 1996). Plaintiff also refers the Court to the reasons set forth in Plaintiff's Motion *in Limine* #2 as to why the January 8, 2016 evidence is inadmissible.

Accordingly, the Court should bar all evidence and testimony regarding the prior unrelated January 6, 2016 incident.

## POINT VI

## THE COURT SHOULD BAR ALL EVIDENCE REGARDING PLAINTIFF'S PRIOR WEAPON CHARGE

This Court should bar any evidence when regarding a discipline plaintiff received regarding his prior weapons charge at Elmira in 2013. Defendants are attempting to use this record for the impermissible purpose of attempting to demonstrate Plaintiff's propensity for misbehavior. All such propensity evidence is inadmissible under Fed R. Evid. 404(b) unless Defendants can prove (1) the evidence is relevant to an issue at trial *other than the witness's character* and (2) the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice. *United States v. Garcia*, 291 F. 3d 127, 136 (2d. Circ. 2002).

The Second Circuit has held that prior bad acts cannot be used to show propensity is and as such a plaintiff's prison disciplinary records are "almost always impermissible." *Lombardo v. Stone,* 2002 WL 113913, at *3 (S.D.N.Y. Jan. 29, 2002) (Scheindlin, J.). The Second Circuit holds that admission of disciplinary records violated Fed. R. Evid. 404(b) and was "inconsistent with substantial justice." *Hynes v. Coughlin*, 79. F.3d 285 293 (2d Cir. 1996).

Here, any of plaintiff's prior infractions are entirely irrelevant to this incident, and such evidence would be highly prejudicial. Plaintiff does not seek to exclude the infractions allegedly relating to the incident of January 21, 2016 underlying this case, but evidence of a prior disciplinary infraction, even if it involved a weapon charge should be excluded.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully request an Order of this Court denying the opposed portions of defendant's Motions in *limine* and granting his Motion *in limine* in its entirety, and such other and further relief as to this Court may seem just and proper.

Dated: June 29, 2021

> Respectfully Submitted,
> RUBENSTEIN & RYNECKI, ESQS.
>
>
> _____s/_____
> Richard M. Levy
> Harris L. Marks
> *Attorneys for Plaintiff*
> 16 Court Street, Suite 1717
> Brooklyn, New York 11241
> Telephone: (718) 522-1010

- 12 -