UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNESIA BROWN,

                            **Plaintiff,**

   vs.

                                          9:17-CV-01036
                                          (MAD/ATB)

MATTHEW CORNELL,
*Correctional Officer,*

                            **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**RUBENSTEIN & RYNECKI**                **SCOTT E. RYNECKI, ESQ.**
16 Court Street, Suite 1717              **HARRIS MARKS, ESQ.**
Brooklyn, New York 1124               **RICHARD MICHAEL LEVY, ESQ.**
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **AIMEE COWAN, AAG**
**STATE ATTORNEY GENERAL**
300 South State Street, Suite 300
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   On September 19, 2017, Plaintiff Donnesia Brown, a former inmate at the Auburn

Correctional Facility ("Auburn CF"), filed a complaint in the Northern District of New York,

1

pursuant to 42 U.S.C. § 1983, against Defendant Corrections Officer Matthew Cornell, the New York State Department of Corrections and Community Supervision ("DOCCS"), and the State of New York. Dkt. No. 1. On June 26, 2018, the Court issued a Memorandum-Decision and Order that granted the motion to dismiss all claims against DOCCS and the State of New York, and also granted-in-part and denied-in-part the motion to dismiss all state law claims against Defendant Cornell. Dkt. No. 21. On February 16, 2021, the Court granted Defendant Cornell's motion for summary judgment on all but Plaintiff's due process claim. Dkt. No. 63.

On June 22, 2021, Plaintiff and Defendant both filed separate pre-trial motions *in limine*. Plaintiff's motion asserts that the Court should preclude all evidence of Plaintiff's prior arrests, disciplinary history, criminal convictions, and mental health history. Dkt. No. 82-1.

Defendant's motion asserts twelve arguments. Dkt. No. 76-6. In substance, Defendant asserts that the Court should allow evidence of Plaintiff's prior arrests, felony convictions, Plaintiff's fight on January 8, 2016 with another inmate, and Plaintiff's prior weapons charge. Dkt. No. 76-6 at 1-9, 21-22. In addition, Defendant has moved for the Court to preclude evidence that Defendant had "set up" other inmates with weapons, that Defendant admitted to Assistant District Attorney ("ADA") Brian Leeds that he had planted a weapon on an inmate, Defendant's disciplinary record, and that Plaintiff had lost wages, and preclude Plaintiff from testifying that other inmates told Plaintiff that Defendant had set up other inmates. *Id*. at 9, 11, 16. Defendant also asserts that Plaintiff should be precluded from presenting evidence or testifying to the jury regarding DOCCS' potential duty to indemnity Defendant, any reference to Defense Counsel as the "State's Attorney" or "DOCCS' Attorney," and requests that the Court amend the caption of

the case to reflect that Defendant Cornell is the only remaining Defendant. *Id*. at 18, 19-20. Finally, Defendant seeks to preclude Plaintiff from submitting a specific dollar amount to the jury regarding non-economic damages. *Id*. at 20.

For the reasons set forth below, Plaintiff's motion is granted-in-part, denied-in-part, and reserved-in-part, and Defendant's motion is granted-in-part, denied-in-part, and reserved-in-part.

## II. DISCUSSION

A.   **Motions *in limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

B.   **Plaintiff's Motion in Limine**

   *1. Plaintiff's Prior Arrests*

Plaintiff asserts that all evidence of his prior arrests should be precluded at trial. Dkt. No. 82-1 at 2. Defendant opposes Plaintiff's motion and has moved for the Court to permit him to introduce evidence of Plaintiff's prior arrests. Dkt. No. 76-6 at 1-9; Dkt. No. 89 at 1.

"Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." *Michelson v. United States*, 335 U.S. 469, 482 (1948). "However, of course, arrests may 'be inquired into [on cross-examination] if they are probative of the character [of a witness] for truthfulness or untruthfulness.'" *DePonceau v. Murray*, No. 9:09-CV-0605, 2013 WL 4039421, *2 (N.D.N.Y. Aug. 7, 2013) (quoting Fed. R. Evid. 608(b)) (other citation omitted).

Plaintiff has been arrested twenty-eight times between March 19, 1985 and August 31, 2011. *See* Dkt. No. 76-2. Plaintiff's arrests vary from criminal trespass, to menacing, to assault and robbery. *Id*. Foremost, there is no evidence that any of the charges that Plaintiff was arrested on are probative of Plaintiff's character for truthfulness. Second, only one of Plaintiffs arrests — the one that is the subject of this dispute — occurred in the last decade. *See id*. The vast majority of Plaintiff's arrests occurred more than fifteen ago. *See id*. Thus, in addition to lacking any probative value in substance, the Court finds that these arrests are also too remote to be probative in this case. *See United States v. Calderon-Urbina*, 756 F. Supp. 2d 566, 568 (S.D.N.Y. 2010) ("However, because the Petit Larceny Arrest occurred twenty-one years ago, the Court finds that it is too remote in time to be probative in this case") (citation omitted).

Therefore, Plaintiff's motion to preclude evidence of his arrests is granted unless Plaintiff should open the door to such a line of questioning. Defendant's motion *in limine* to allow the introduction of evidence of Plaintiff's arrests is denied for these same reasons.

### *2. Plaintiff's Disciplinary Record*

Plaintiff asserts that Defendant should be precluded from introducing any evidence of his prior disciplinary history pursuant to Rule 608(b) of the Federal Rules of Evidence. *See* Dkt. No. 82-1 at 3. Plaintiff claims that Defendant's use of Plaintiff's disciplinary record would be for the impermissible purpose of demonstrating that he has a propensity for misbehavior. *See id*. Defendant asserts that he does not seek to introduce Plaintiff's entire disciplinary record, but only intends on introducing evidence at trial of Plaintiff's involvement in a fight taking place on January 8, 2016 pursuant to Rule 404(b) of the Federal Rules of Evidence as evidence of Plaintiff's motive for carrying the weapon on January 21, 2016. *See* Dkt. No. 89 at 1.

"Federal Rule of Evidence 608(b) provides that 'the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness.'" *Brown v. Turriglio*, No. 9:17CV175, 2018 WL 4565767, *1 (N.D.N.Y. Sept. 24, 2018) (quoting Fed. R. Evid. 608(b)(1)) (alterations in original). "However, even if the disciplinary records reflected conduct probative of Plaintiff's character for truthfulness or untruthfulness, the disciplinary records themselves would not be admissible." *Id*. (citing Fed. R. Evid. 608(b); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993)). Although extrinsic evidence is not admissible to prove specific instances of a witness's conduct, evidence of the witness's disciplinary record may be used for impeachment purposes. *Id*. at *1-2.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Thus, "Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Lombardo v. Stone*, No. 99 CIV. 4603, 2002 WL 113913, *3 (S.D.N.Y. Jan. 29, 2002). "In particular, disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible." *Id*. However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Civ. P. 404(b).

Defendant has moved to introduce evidence of Plaintiff's involvement in a fight on January 8, 2016. Dkt. No. 76-6 at 21. Defendant does not assert that Plaintiff's involvement in this fight is probative of Plaintiff's character for truthfulness. *Id*. Rather, Defendant seeks to admit this evidence to show that Plaintiff had a motive or plan to carry the weapon. *Id*. at 21-22. Defendant asserts that Plaintiff had previously testified that this fight made him more alert and therefore demonstrates Plaintiff's motive to have the weapon. *Id*.

At his deposition, Plaintiff testified that he was involved in a fight sometime prior to his interaction with Defendant on January 21, 2016. *See* Dkt. No. 57-8 at 45-46. Plaintiff testified that while he was not afraid that he would be attacked after this fight, he was "being more alert." *Id*. at 51-52.

Here, the Court finds that evidence regarding the fight on January 8, 2016 is admissible under Rule 404(b) to establish Plaintiff had a motive or plan to possess a weapon on January 21, 2016, less than two weeks after he was allegedly attacked by another inmate. Moreover, this evidence is relevant because it tends to demonstrate why Plaintiff would potentially find it necessary to possess a weapon for his own protection from unprovoked attacks by other inmates. Additionally, any prejudicial effect can be diminished by instructing the jury that it may only consider this prior act by instructing the jury that it may consider this prior act only for the stated non-propensity purposes. *See United States v. Green*, No. 3:08-cr-26, 2009 WL 3233429, *2 (W.D. Pa. Oct. 7, 2009).

Accordingly, the Court grants Defendant's motion to introduce evidence regarding the January 8, 2016 fight is granted and Plaintiff's motion to preclude the same is denied. To the extent that Plaintiff seeks to preclude evidence of his disciplinary record that Defendant is not attempting to admit, that motion is denied as moot.

### *3. Plaintiff's Prior Criminal Convictions*

Plaintiff claims that pursuant to Rule 609 of the Federal Rules of Evidence, that Defendant should be prohibited from introducing evidence about his criminal convictions. *See* Dkt. No. 82-1 at 4. Defendant opposes Plaintiff's motion and has moved for the Court to permit Defendant to introduce evidence of Plaintiff's prior felony convictions. Dkt. No. 76-6 at 1-9; Dkt. No. 89 at 1.

Plaintiff has twenty-four criminal convictions from March 19, 1985 to August 31, 2011. Dkt. No. 76-2. Of the twenty-four convictions, five are felonies, eighteen are misdemeanors, and

one is a youth offender conviction. *Id*. at 1. Defendant seeks to admit evidence of Plaintiff's five felony convictions: a 2011 conviction for Robbery in the Second Degree, a Class C Felony; a 2007 conviction for Criminal Sale of a Controlled Substance in the Third Degree, a Class B Felony; a 1999 conviction for Criminal Sale of a Controlled Substance in the Fifth Degree, a Class D Felony; a 1993 conviction for Criminal Possession of a Weapon, a Class D felony; and a 1988 conviction for Attempted Robbery in the Second Degree, a Class D felony. Dkt. No. 76-6 at 3.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year ... must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403).

Where over ten years have passed since the witness's past felony conviction or release from confinement for it, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and ... the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of *veracity*.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, ... [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618. Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

As an initial matter, the Court must decide whether Plaintiff's felony convictions are subject to Rule 403 balancing pursuant to Rule 609(a)(1), or whether they are crimes of dishonesty presumptively admissible under Rule 609(a)(2). The Court must then determine whether Plaintiff's felony convictions are subject to the Rule 609(b) presumption against admissibility for "remote" convictions. Finally, depending on the applicable standard, the Court must then weigh the probative value of these convictions against the potential prejudice, and rule accordingly.

### a. Plaintiff's 2011 Robbery Conviction

Plaintiff was convicted of Robbery in the Second Degree on September 28, 2011. Dkt. No. 76-2 at 7. There is no evidence to indicate that this conviction required proving a dishonest act as required by Rule 609(a)(2). *See Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014). Plaintiff's Robbery conviction falls under Federal Rule 609(a)(1) as "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence." Plaintiff's conviction occurred within the last ten years. "Having concluded that these convictions are not presumptively barred under Rule 609(b), and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa*, 2014 WL 988832, at *4.

First, while all felonies are presumptively somewhat probative of a witness's propensity to testify truthfully, a conviction for robbery, without more, is not particularly probative as to honesty or veracity. *Estrada*, 430 F.3d at 617-18. Second, Plaintiff's robbery conviction is approximately ten-years old; "this factor diminishes the probative value of Plaintiff's

convictions." *Espinosa*, 2014 WL 988832, at *5. Third, Plaintiff's robbery conviction is not similar to the charge at issue in the present case. Finally, credibility of the witness is highly important in this case as much of the case hinges on Plaintiff's testimony versus Defendant's. Thus, "this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609." *Id*.

"[T]he Court must also consider the standard Rule 403 factors: 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Id*. at *6. "While most of these considerations are incorporated into the Rule 609(a) factors discussed above, it is worth noting that the factors of undue delay, wasting time, and cumulative evidence militate against admitting evidence of each of Plaintiff's felony convictions and the details thereof." *Id*. However, "[t]he fact that the Plaintiff is a convicted felon, and that the circumstances underlying the instant matter arose while he was incarcerated, are sufficient to impeach his credibility." *Id*. Thus, Plaintiff's motion to preclude evidence and testimony of Plaintiff's 2011 conviction of Robbery in the Second Degree is denied. Defendant's motion to admit this evidence is granted for these same reasons. Accordingly, Defendant will be permitted to question Plaintiff regarding the name, date, and sentence received for this conviction, but is precluded from eliciting testimony with respect to the underlying facts of the conviction.

### b. Plaintiff's Convictions for Criminal Sale of a Controlled Substance

Plaintiff's was convicted in 2007 for the Criminal Sale of a Controlled Substance in the Third Degree, a Class B Felony, and in 1999 for the Criminal Sale of a Controlled Substance in the Fifth Degree, Class D Felony. Dkt. No. 76-2 at 11, 25. Both of these convictions are older

than ten years and there is no evidence that they required an element of dishonest conduct. Further, possession of controlled substances is not probative of a witness' character for truthfulness. *United States v. Steele*, 216 F. Supp. 3d 317, 326-27 (S.D.N.Y. 2016) (citing *United States v. Hayes*, 553 F.2d 824, 828 n.8 (2d Cir. 1977)) ("A prior narcotics conviction that does not apparently involve falsity is rarely probative of a witness's character for truthfulness"). Accordingly, Plaintiff's motion to preclude evidence of these convictions is granted. Defendant's motion to admit this evidence is denied.

### *c. Plaintiff's 1993 Conviction for Criminal Possession of a Weapon*

On November 23, 1993, Plaintiff was convicted of Criminal Possession of a Weapon, a Class D felony. Dkt. No. 76-2 at 33. Plaintiff's conviction falls under Rule 609(a)(1) as there is no evidence that it involves an element of dishonest conduct. However, this conviction falls outside of the ten-year limitation outlined in Rule 609(b). In fact, despite its similarity to the charge at issue in this case, at eighteen years old, the conviction is far too remote to be considered probative of Plaintiff's character for truthfulness. *See Calderon-Urbina*, 756 F. Supp. 2d at 568 (citing *Bachir v. Transoceanic Cable Ship Co.*, No. 98 CIV. 4625, 2002 WL 413918, *10 (S.D.N.Y. Mar. 15, 2002)). Thus, Plaintiff's motion to preclude evidence of his 1993 conviction for Criminal Possession of a Weapon is granted. Defendant's motion to admit Plaintiff's 1993 conviction is denied for these same reasons.

### *d. Plaintiff's 1988 Conviction for Attempted Robbery in the Second Degree*

In 1998, Plaintiff was convicted of Attempted Robbery in the Second Degree, a Class D felony. Again, this conviction falls under Rule 609(a)(1) as there is no evidence that it involves

an element of dishonest conduct, and it is further subject to the ten-year limitation in Rule 609(b). As such, the Court grants Plaintiff's motion to preclude the introduction of this evidence and denies Defendant's motion to introduce the same.

### 4. Plaintiff's Mental Health History

Finally, Plaintiff has moved for the Court to preclude any evidence of Plaintiff's mental health history. Dkt. No. 82-1 at 6. Plaintiff asserts that because Defendant has objected to Plaintiff recovering damages for mental and emotional injuries, that he should be precluded from introducing evidence of Plaintiff's mental health to demonstrate a lack of damages. *Id*. Defendant asserts that he should be permitted to admit Plaintiff's mental health records for impeachment purposes to the extent that Plaintiff alleges damages for emotional and mental injuries. Dkt. No. 89 at 2.

Neither Plaintiff nor Defendant have provided the Court with Plaintiff's medical records or any specific information regarding Plaintiff's mental health history. The Court is therefore unable to assess the relevance and probative value of this evidence. As such, the Court will reserve on this issue.

**C.      Defendant's Motion in Limine**

### 1. Office of Special Investigations Report

Defendant asserts that both the substantiated and unsubstantiated allegations in the Office of Special Investigations (hereinafter "OSI") report should be precluded. Dkt. No. 76-6 at 9-11. Foremost, Defendant asserts that the report itself is inadmissible hearsay because it contains out of court statements that do not fall within any hearsay exception. *Id*. at 9. Second, Defendant

claims that any unsubstantiated statements should be precluded because their probative value is substantially outweighed by the danger of unfair prejudice. *Id*. Third, while the OSI report found sufficient evidence that Defendant made a verbal admission to ADA Leeds that he had planted a weapon on an inmate, the investigation did not substantiate the fact that Defendant actually planted any weapons on any inmates. *Id*. at 11.

Certainly, the report is highly prejudicial to the extent that it could be used as proof that the investigation found that Defendant had previously engaged in conduct substantially similar to the facts alleged in this case. However, the report is also incredibly probative as it goes directly to the propensity of Defendant to engage in the complained of behavior. Further, Defendant does not assert that the content of the report is untrue, merely that it is prejudicial. Such arguments carry considerably less weight where the report is directly on point with the misconduct alleged in the pending matter. *See Jacobs v. NYC Dep't of Educ.*, 768 Fed. Appx. 86 n.1 (2d Cir. 2019).

Regardless, the OSI report, if offered to prove the truth of the matter asserted therein, would certainly constitute hearsay. *See* Fed. R. Evid. 801(c). The investigation report may be properly admissible pursuant to Rule 803(8) of the Federal Rules of Evidence.

Rule 803(8) states, in relevant part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: ... [a] record or statement of a public office if[] it sets out[,] in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

However, without the benefit of viewing the documents that Plaintiff seeks to offer, the Court cannot determine whether the information contained therein falls within the asserted hearsay exception. Similarly, the Court is unable to examine the statements made therein that Defendant asserts are unsubstantiated, inadmissible hearsay, and unfairly prejudicial. Accordingly, the Court reserves decision on this portion of Defendant's motion *in limine*.

### *2. Evidence of Defendant's Prior Discipline*

Defendant asserts that Plaintiff should be precluded from introducing any evidence from Defendant's personnel file or disciplinary history. *See* Dkt. No. 76-6 at 12. Specifically, Defendant objects to the introduction of evidence relating to a search of Defendant's car and work locker which uncovered various types of contraband, including cutting type weapons, a rifle, broken tweezers, and a plastic bag filled with various screws and washers. *See id*. Defendant asserts that Plaintiff will attempt to use this information to impermissibly demonstrate that Defendant had the propensity to commit the act in question. *See id*. at 12-13.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*.

The evidence is certainly probative of whether Defendant had the intent, preparation, or plan to plant a weapon on Plaintiff. Particularly noteworthy the investigation determined that Defendant was using a different locker than the one assigned to him by DOCCS, and it contained

various items of prison contraband and weapons of a similar style to the one Plaintiff claims Defendant planted on him. However, neither party has presented the Court with Defendant's personnel file or disciplinary record. Without such, the Court is unable to conduct a meaningful review and determine whether it falls within a permissible purpose under Rule 404(b). Additionally, whether the evidence will be admissible is dependent on the purposes for which it is admitted at trial. Therefore, the Court reserves of this issue.

### 3. *Plaintiff's testimony that inmates had said that Defendant set other inmates up*

Defendant objects to Plaintiff testifying at trial that Plaintiff was told by fellow inmates that Defendant had set up other inmates. Dkt. No. 76-6 at 16. Defendant asserts that this inadmissible double hearsay for which no exception applies. *Id*. In his response, Plaintiff indicates that he does not oppose this aspect of Defendant's motion. *See* Dkt. No. 90 at 5 n.1. Since these statements would clearly constitute hearsay, and because Plaintiff does not oppose this portion of Defendant's motion, this portion of Defendant's motion is granted.

### 4. *Evidence or testimony regarding Plaintiff's lost wages claim*

Defendant asserts that Plaintiff should be precluded from offering any evidence regarding his lost wages because Plaintiff failed to comply with Rule 26(a) of the Federal Rules of Civil Procedure. Dkt. No. 76-6 at 16.

Rule 26(a) provides,

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or

> protected from disclosure, on which each computation is based,
> including materials bearing on the nature and extent of injuries
> suffered

Fed. R. Civ. P. 26(a).

Rule 37(c)(1) provides that if a party fails to comply with the requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Thus, the "'[f]ailure to provide damage computation documents may result in exclusion of damages calculation evidence or expert testimony regarding damage calculations at trial.'" *Salvemini v. Target Stores, Inc.*, No. 3:08CV402, 2012 WL 1118062, *3 (D. Conn. Apr. 3, 2012) (citation omitted).

Plaintiff filed this action on September 19, 2017. Dkt. No. 1. Plaintiff never provided a damages calculation to Defendant and asserted that such a claim was "not applicable" when Defendant made such a demand. Dkt. No. 76-5 at 9.[1] In response, Plaintiff has indicated that he does not oppose this aspect of Defendant's motion. *See* Dkt. No. 90 at 5 n.1. Because Plaintiff's disclosure was insufficient to provide Defendant with a basis for evaluating lost earnings damages, and because Plaintiff does not oppose this aspect of Defendant's motion, the Court grants Defendant's request to preclude evidence or testimony regarding lost wages.

### *5. Precluding Evidence that the State of New York is representing Defendant and may be obligated to indemnify him*

---

[1] Defendant appears to have submitted Plaintiff's response to his interrogatories as multiple exhibits rendering the numerations at the bottom of each page inaccurate. *See* Dkt. No. 76. For simplicity, however, the Court refers to the page numbers printed at the bottom of the page.

Defendant has moved to preclude any evidence that the State of New York is representing Defendant and may be obligated to indemnify him, including referring to Defense Counsel as the "State's Attorney" or "DOCCS' Attorney." Dkt. No.76-6 at 19. To not confuse the jury, Defendants have similarly requested that the caption of the case be updated to remove the State of New York.

Courts in the Second Circuit have routinely noted that "evidence regarding indemnification would be prejudicial against defendants because such evidence might 'encourage a jury to inflate its damages award because it knows the government — not the individual defendants — is footing the bill.'" *Scoma v. City of New York*, No. 16CV6693, 2021 WL 1784385, *15 (E.D.N.Y. May 4, 2021) (quoting *Othman v. Benson*, No. 13-cv-V4771, 2019 WL 1118035, *4 (E.D.N.Y. Mar. 11, 2019)). Accordingly, courts have granted motions *in limine* to preclude plaintiffs from referring to defense counsel as the State's Attorney and barring any evidence of the state's potential duty to indemnify the defendant. *Id.*; *Davis v. City of New York*, 296 F.R.D. 127, 130 (E.D.N.Y. 2013) ("Defendants' motion to preclude any reference to defense counsel as employees of the City of New York or 'City attorneys' is granted"); *Hernandez v. Kelly*, No. 09 CV 1576, 2011 WL 2117611, *6 (E.D.N.Y. May 27, 2011) (citing *Williams v. McCarthy*, No. 05 Civ. 10230, 2007 WL 3125314, *7 (S.D.N.Y. Oct. 25, 2007)) ("Plaintiff shall not mention or introduce evidence of potential indemnification of the individual officers by the City of New York, nor make any argument to the jury of the same").

In his response, Plaintiff has indicated that he does not oppose this aspect of Defendant's motion. Accordingly, Defendant's motion *in limine* to preclude Plaintiff from referring to

Defense Counsel as the State's Attorney and barring any evidence of the State's potential duty to indemnify Defendant is granted. Similarly, Defendant's motion to alter the caption of the case is granted as to those documents that will appear before the jury. *See Scoma*, 2021 WL 1784385, at *15.

### *6. Plaintiff Offering a Specific Dollar Amount Regarding Non-Economic Damages to the Jury*

Defendant has moved to preclude Plaintiff from introducing any evidence of a specific dollar amount to the jury regarding non-economic damages. Dkt. No. 76-6 at 20. Plaintiff opposes this aspect of Defendant's motion, arguing that permitting counsel to request a specific dollar amount is generally left to the discretion of the trial court. *See* Dkt. No. 90 at 13-14.

While "'specifying target amounts for the jury to award is disfavored,'" "[t]he determination of whether to allow a plaintiff to request a specific damage amount from the jury is within the court's discretion." *Scoma*, 2021 WL 1784385, at *12 (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997); *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995)).

The Court is not inclined at this time to preclude Plaintiff from offering a specific dollar amount regarding non-economic damages to the jury at closing. Defendant does not assert any argument as to why Plaintiff should be precluded from offering a specific dollar amount beyond that doing so is disfavored. *See* Dkt. No. 76-6 at 20. However, the Court will provide the jurors with a limiting instruction stating that the amount provided by Plaintiff is not evidence but only a suggestion as to the amount, if any, to be awarded. *See Sokolow v. Palestine Liberation Org.*, No. 04 CIV. 397, 2015 WL 13675738, *3 (S.D.N.Y. Aug. 24, 2015). Defendant's motion to preclude

Plaintiff from introducing any evidence of a specific dollar amount to the jury regarding non-economic damages is therefore denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion *in limine* (Dkt. No. 76) is **GRANTED-in-part, DENIED-in-part, and RESERVED-in-part**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 82) is **GRANTED-in-part, DENIED-in-part, and RESERVED-in-part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 1, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge